IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Case No. 09-cv-30153-SMY |
| EARL L. DYESS, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Earl L. Dyess' *pro se* Motion to Reduce Sentence (Doc. 43). Attorney Todd M. Schultz entered his appearance on behalf of Defendant, and has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of Defendant's request (Doc. 47). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has not responded. Defendant has filed a response (Doc. 47) in which he concedes he was sentenced under the career offender guidelines but argues the Court should nonetheless grant the reduction request.

Defendant pleaded guilty to two counts of distribution of crack cocaine in violation of 21 U.S.C. 841(a)(1). At sentencing, the Court found that Defendant was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which raised his base offense level to 33 and was reduced by 3 for acceptance of responsibility. Ultimately, Defendant was sentenced at an offense level of 29 with a criminal history category of VI, resulting in an advisory guidelines range of 151-188 months. The Court sentenced Defendant to 151 months incarceration on each of the two counts to be served concurrently.

Defendant now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence. Amendment 782 amended U.S.S.G. § 2D1.1 as of November 4, 2014, to lower some base offense levels associated with the drug quantities described in § § 2D1.1 and 2D1.11. The relevant parts of Amendment 782 are retroactive.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009)**.**

Defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Although Amendment 782 amended U.S.S.G. § 2D1.1 to lower some base offense levels, Defendant was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1. *See Forman*, 553 F.3d at 589-90. Thus, his guideline range has not been

lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.  *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Because Defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request.  *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's Motion to Withdraw (Doc. 47) and **DISMISSES** Defendant's *pro se* Motion to Reduce Sentence (Doc. 43) for **lack of jurisdiction**.

**IT IS SO ORDERED.**

**DATED:** February 4, 2015

>s/ Staci M. Yandle
>**STACI M. YANDLE**
>**DISTRICT JUDGE**